IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GINA L. WILSON,

    Petitioner

VS.

THE STATE OF GEORGIA,

    Respondent

**NO. 3:07-CV-4 (CDL)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is THE STATE OF GEORGIA's MOTION TO DISMISS the instant habeas corpus petition as being improperly before this federal court, alleging that petitioner GINA L. WILSON has failed to exhaust her state remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982).[1] Tab #16. Petitioner Wilson has responded to the respondent's motion. Tab #23. It is noted that this is petitioner Wilson's second petition seeking federal habeas corpus relief from this court, the first having been denied without prejudice as unexhausted on November 16, 2006. M. D. Ga. Case No. 3:06-CV-53 (CAR).

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing* **Ex Parte Royall**, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting* **Fay v. Noia**, 372 U.S. 391, 438 (1963)).

---

[1]Also before the court is a MOTION TO DISMISS filed on behalf of Benny Jamieson who has since been dismissed as a respondent. Tab #12. This RECOMMENDATION to grant The State of Georgia's MOTION TO DISMISS moots the motion previously filed on behalf of Jamieson, and IT IS RECOMMENDED that Jamieson's motion be **DENIED** as such.

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

The evidence before this court shows that the petitioner has filed a petition for *state* habeas corpus relief which was denied in an order dated June 11, 2007 (*nunc pro tunc* November 6, 2006). However, there is no evidence that petitioner Wilson appealed that denial. Based on Georgia law, it would be impossible for her to have appealed that order when she had filed the instant petition because there was no final written ruling on her state habeas proceeding until June 11, 2007.[2] O.C.G.A. §9-14-49.

Because petitioner Wilson had additional state remedies available to her <u>at the time that she filed the instant federal petition</u>, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS (Tab #16) be **GRANTED** and that Wilson's petition be **DISMISSED** *without prejudice* to her right to refile once she has exhausted her state remedies, **PROVIDED** she is otherwise permitted by law to so proceed. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 16th day of JANUARY, 2008.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE

---

[2] The instant petition was filed on January 5, 2007.